IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.:4:15-CR-727-BHH |
| vs. | ) |
| STEPHEN TRACY ANDERSON | ) |

PRELIMINARY ORDER OF FORFEITURE AS TO
STEPHEN TRACY ANDERSON

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Stephen Tracy Anderson ("Anderson", "Defendant"), based upon the following:

1. On October 27, 2015, an Indictment was filed charging Anderson with bank fraud, in violation of Title 18, United States Code, Section 1344 and making false statements to a bank, in violation of Title 18, United States Code, Section 1014.

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon Anderson's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

   A. <u>Proceeds/ Money Judgment</u>[1]:

   A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offenses charged in this Indictment, that is, a minimum of approximately $300,000.00 in United States currency, and all interest and proceeds traceable thereto,

---

[1] The government is pursuing a money judgment against the Defendant. The total amount of a money judgment has not been calculated at this time. Pursuant to Rule 32.2(b)(2)(C) and (e)(1), this order will be amended when the specific amount of the money judgment has been determined by the court.

and/or that such sum equals all property involved in or traceable to his violations of 18 U.S.C. §§ 1344 and 1014.

3. On August 17, 2016, Anderson signed a Plea Agreement, agreeing to forfeiture and on August 19, 2016, Anderson pled guilty to false statement to a bank charge.

4. Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(2) and 28 U.S.C. § 2461(c).

5. The court has determined that the government has established the requisite nexus between the money judgment and the offense for which Anderson has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1. The below-described property, and all right, title, and interest of the Defendant, Stephen Tracy Anderson, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n).

2. FORFEITURE IS ORDERED against Anderson and in favor of the United States for an undetermined amount along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order to substitute property to satisfy the money judgment.

3. The United States may sell or otherwise dispose of any substitute assets in

accordance with law as required to satisfy the above imposed money judgment.

    4.    Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

    5.    The government is not required to publish notice regarding the personal money judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

    6.    Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

    7.    The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

    8.    The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

    AND IT IS SO ORDERED.

                          s/ Bruce Howe Hendricks
                          BRUCE HOWE HENDRICKS
                          UNITED STATES DISTRICT JUDGE

January 23, 2017
Florence, South Carolina